# UNITED STATES DISTRICT COURT
# IN THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARTIN RIVERA, | ) |
| | ) |
|     Plaintiff | ) CIVIL ACTION NO. |
| | ) |
| v. | ) _____ |
| | ) |
| GREAT OAK LANDSCAPE GROUP, INC., and TIM CHRISTIE, | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
|     Defendants | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Martin Rivera ("Plaintiff"), and files this Complaint for damages and other relief against Great Oak Landscape Group, Inc., and Tim Christie ("Defendants"), showing as follows:

## NATURE OF ACTION

This is an action for failure to pay overtime compensation and retaliation pursuant to the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. §201 *et seq*.

## PARTIES

1.

Plaintiff is a resident of the State of Georgia, and was an employee of the Defendants within the meaning of the FLSA at all times relevant to this action.

2.

Defendant Great Oak Landscape Group, Inc. ("Great Oak") is a Domestic Profit Corporation doing business within the State of Georgia. At all times relevant to this action, Defendant Great Oak was an employer within the meaning of the FLSA. Defendant Great Oak may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and other applicable law, including, but not limited to, by delivering a copy of the Complaint and Summons to its registered agent Tim Christie at 470 Thunder Road, Gwinnett, Buford, Georgia 30518. Defendant Tim Christie may be served with process at the same address.

Defendant Tim Christie is an employer within the meaning of the FLSA, 29 U.S.C. §203(d), as Defendant Tim Christie acted directly or indirectly in his own interests as an employer by controlling the terms and conditions of employment of Plaintiff on a day-to-day basis, including but not limited to setting the working hours, conditions of employment, frequency and amount of Plaintiff's compensation, as well as making the decision to hire or fire Plaintiff.

Defendants hired Plaintiff to perform lawn care and landscaping services.

## VENUE AND JURISDICION

3.

Venue is proper under 28 U.S.C. §1391(b) and other applicable law. The unlawful employment practices occurred within the Northern District of Georgia.

4.

Defendants regularly conduct business within this State and District.

5.

This Court has jurisdiction over all parties.

6.

Defendants are engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203. At all times material to this action, Defendants engaged in the lawn care industry and provided goods and services valued in excess of $500,000 annually.

7.

Plaintiff was an FLSA covered employee through enterprise coverage.

8.

Plaintiff was also an FLSA covered employee through individual coverage.

## RELEVANT FACTS

9.

Defendants, operating as Great Oak Landscape Group, Inc., and located at 470 Thunder Road, Buford, Georgia, 30518, employed Plaintiff to perform lawn care services.

10.

Plaintiff worked for the Defendants from September 24, 2012 to on or about August 29, 2014.

11.

Plaintiff worked from 6 a.m. to 6 p.m. five consecutive days per week with Sundays and Mondays off in the two-week pay period.

12.

During the summer months, Defendants required Plaintiff to work from 5:30 a.m. to 5:45 p.m. or later.

13.

Plaintiff cut grass, trimmed bushes, edged lawns, used a weed-eater and blower, and spread herbicide.

14.

Defendants allowed Plaintiff to take a non-paid 30 minute lunch break each day.

15.

Defendants paid Plaintiff between $11 and $12 per hour to work.

16.

On several occasions during his employment, Plaintiff questioned Defendants about why he was not receiving overtime pay.

17.

Defendants told Plaintiff that Great Oak was not going to pay him overtime and encouraged him to quit if he disagreed with them.

18.

Sometime in August 2014, Defendants requested that Plaintiff work on a weekend.  Plaintiff complained again that he had not been receiving overtime pay and stated that he would work that weekend if he was paid overtime.

19.

Shortly thereafter, Defendants discharged Plaintiff in retaliation for complaining about not receiving overtime pay.

20.

 Plaintiff did not interview job applicants nor have the authority to hire or fire employees.

21.

Plaintiff did not have the authority to make recommendations to hire or fire employees.

22.

Plaintiff did not perform human resources duties for the Defendants.

23.

Plaintiff did not make significant decisions regarding the operation of the Defendants' business.

24.

Plaintiff was a non-exempt employee under the FLSA.

25.

Defendants have a policy and practice of not paying overtime for employees. Pursuant to this policy and practice, Defendants intentionally took actions that were designed to avoid having to pay Plaintiff overtime compensation.

26.

Defendants failed to keep accurate records with respect to the hours worked by Plaintiff. As such, Defendants have violated the FLSA's recordkeeping provisions.

## COUNT I

## WILLFUL FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

27.

Plaintiff incorporates by reference all preceding Paragraphs of the Complaint.

28.

Plaintiff was employed by Defendants as a non-exempt employee and should have been paid overtime at the rate of time and a half for all time worked in excess of forty hours per week.

29.

Plaintiff routinely worked in excess of fifty-seven (57) hours in each week during his employment with Defendants.

30.

Defendants refused to pay Plaintiff one and a half times his regular rate of pay for overtime hours worked in excess of 40 hours per week.

31.

Defendants knew that Plaintiff was not an exempt employee and continued to refuse to pay him the required the overtime rate for hours worked in excess of

80 during the two-week work period.  Defendants' repeated failures to pay Plaintiff overtime were intentional and willful violations of the FLSA.

32.

As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## **COUNT II**

## **RETALIATION IN VIOLATION OF FLSA**

33.

Plaintiff incorporates by reference all preceding Paragraphs of the Complaint.

34.

At all times material to this Complaint, Plaintiff and Defendants were parties to contracts under which Plaintiff agreed to work for Defendants and Defendants agreed to compensate Plaintiff for his work.

35.

Plaintiff performed his contractual obligations.

36.

Plaintiff engaged in activity protected by FLSA by complaining about his pay.

37.

Defendants terminated Plaintiff's employment in retaliation for complaining about overtime wages.

38.

Defendants' actions in subjecting Plaintiff to retaliation for engaging in protected activity by complaining about Defendants' failure to pay overtime constitute unlawful intentional retaliation in violation of the FLSA.

39.

Defendants' actions in violation of the FLSA were intentional, willful, wanton, and oppressive.  Additionally, and in the alternative, Defendants' actions in violation of the FLSA were undertaken with reckless disregard for the Plaintiff's federally protected rights.

## COUNT III: VIOLATION OF 29 U.S.C. §207(a)

**(Injunctive Relief Requiring Defendants to Post Wage and Hour Notices as Required Under the FLSA)**

40.

Plaintiff incorporates by reference all preceding Paragraphs of the Complaint

41.

Upon information and belief, Defendants failed to post and keep a posted notice explaining the FLSA in a conspicuous place so as to permit employees to readily read it, as required by 29 C.F.R. §516.4.

42.

Upon information and belief, Defendants failed to provide any such notice in writing or by public posting in a manner that could be readily understood by all employees.  To the extent that Defendants posted any such notices exclusively in the English language, these notices were willfully inadequate and failed to satisfy the requirements of the FLSA.  Defendants knew that some employees could not easily communicate in English and would likely be unable to read or to fully understand any English-language-only notices.

43.

Accordingly, Plaintiff asks this Court to enter injunctive relief requiring Defendants to post in a conspicuous place a notice, in languages that all employees can read and understand, containing the information required by the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a trial by jury and that the following relief is granted:

a.  Declaratory judgment that Defendants willfully violated the FLSA;

b.	Judgment against Defendants for full back-pay and overtime not paid;

c.	Judgment against Defendants for liquidated damages in an additional amount equal to back pay and benefits in accordance with 29 U.S.C. §216(b);

d.	Judgment against Defendants for attorney's fees and costs of litigation pursuant to 29 U.S.C. §216(b);

e.	Prejudgment interest;

f.	Appoint a permanent monitor to review Defendants' compliance with the FLSA; and

g.	Any and all further relief that this Court deems just.

Respectfully submitted this 25th day of August, 2016.

**PRIOLEAU & MILFORT, LLC**

<u>s/ Oscar E. Prioleau, Jr.</u>
Oscar E. Prioleau, Jr., Esq.
Georgia Bar No. 588510
Oprioleau@mindspring.com
271 17th Street, N.W., Suite 520
Atlanta, Georgia  30363
Phone: (404) 526-9400
Fax: (404) 880-9360
*Attorney for Plaintiff*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned certifies that the foregoing document has been prepared in accordance with the requirements of Local Rule 5.1 of the Northern District of Georgia, using a Times New Roman font and 14 point size.

/s/ Oscar E. Prioleau, Jr.
Oscar E. Prioleau, Jr., Esq.
